# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BRENDA EALEY,** Individually
and as Representative of a Class
of Individuals Similarly Situated,

       Plaintiffs,

  vs.                                 Case No. 2:13-CV-10723-TGB MKM
                                       Hon Terrence G. Berg
                                       Magistrate Judge Mona K. Majzoub

**BENJIGATES ESTATES, LLC,**
**ELM INVESTMENT CO.,**              **REPLY BRIEF IN SUPPORT OF**
**ANTOINE M. HAYES I,**                 **DEFENDANTS' MOTION TO**
**KEITH HUDSON,**                        **DISMISS**
**ANTOINE BENJAMIN, and**
**DAVID WILLIAMS,**
Jointly and Severally

_____

| | |
|---|---|
| STEVEN BUDAJ, P.C. | ARONOFF & LINNELL, PLLC |
| Steven Budaj (P30154) | By: Craig A. Aronoff (P57997) |
| Donald J. Andrews (P48501) | Erik C. Stein (P72172) |
| Attorneys for Plaintiffs | Attorneys for Defendants Benjigates |
| 65 Cadillac Square, Ste 2915 | Estates, LLC, Antoine Hayes, Antoine |
| Detroit, MI 48226 | Benjamin, Keith Hudson and Elm |
| (313) 963-9330 | Investment, Co. |
| | 2804 Orchard Lake Rd., Ste 203 |
| | Keego Harbor, MI 48320 |
| | (248) 977-4182 |

_____

      NOW COME DEFENDANTS, Benjigates Estates, LLC, Antoine Hayes, Antoine Benjamin, Keith Hudson and Elm Investment Co and in support of their Motion to Dismiss Plaintiff's Complaint and in reply to Plaintiff's response to said motion state as follows:

1

A. **Counter Statement of Facts:**

Plaintiff agrees that the statement of facts recited in Defendants' brief is essentially correct. However, the Plaintiff then goes on to state opinions, not facts, in an attempt to sway the Court against the Defendants. The Plaintiff attempts to qualify these blatant opinions by stating in a footnote that: "These 'facts' are presented only to give the Court a brief overview of the type of case presented and not to be used for the purposes of Defendant's Motion based on FRCP 12(b)(6)." Emphasis added. This entire non-conforming section should be disregarded by the Court except where the Plaintiff agrees that the statement of facts recited in Defendant's brief is correct.

B. **Timing of Motion**

The Plaintiff argues in error that filing an Answer makes Defendants' motion moot. A 12(b)(6) motion may be filed at any time in the proceedings, even at trial. FRCP 12(h)(2). Furthermore, Plaintiff ignores the fact that Defendants' Motion to Dismiss was filed first in time and prior to any filed Answer.

C. **Standard of Review**

The Plaintiff has misinterpreted the standard of review. United States Supreme Court cases *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) are the current standard for dismissal under FRCP 12(b)(6). The Court in *Iqbal* two working principles on which all motions for dismissal under FRCP 12(b)(6): (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 669. The Court explained that "[d]etermining whether a complaint states a

plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."*Id.* at 1950.

The Court's approach properly recognizes and reaffirms the crucial gatekeeping role performed by district courts. The Court emphasized the importance of district courts applying their "judicial experience" - along with their "common sense" - in disposing of baseless complaints at the proper time before a plaintiff launches intrusive and burdensome discovery. In this respect, the Court noted that Federal Rule of Civil Procedure 8(a)(2) - which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" - does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 1949. Requiring plaintiffs to furnish "more than a sheer possibility that a defendant has acted unlawfully," is consistent with the Federal Rules and makes sense as a matter of public policy in light of the often immense demands of discovery. Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Throughout her Response to Defendants' Motion to Dismiss and her initial Complaint, Plaintiff has used conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations. These are not sufficient to defeat a motion under FRCP 12(b)(6). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

**D. The foundation upon which the entirety of Plaintiff's Complaint is built is not a violation of Michigan Law.**

Plaintiff states that the Complaint merely recites the usury statute in order to demonstrate Defendants' active fraud and does not assert an affirmative claim against the Defendants for violation of Michigan usury statutes. Plaintiff's Complaint, however, is entitled "Fraud and

3

Statutory Violation" and lists alleged violations of Michigan's Usury Statute MCL 438.32. Count 48 of the complaint states: "The violation of Michigan law pursuant to MCL 438.32 results in Defendants being "barred from the recovery of any interest, any official fees, delinquency or collection charge attorney fees or court costs." And in Count 49 that the "borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns." Further, Count 53 states that "Defendant sellers were under an *affirmative duty* to comply with Michigan law as it relates to the amount of interest charged on a land contract". Emphasis added.

The Plaintiff's entire complaint revolves around the issue of usury, the alleged unlawful amount of interest paid, and requests *the refund of monies paid and damages*. The statutory remedies provided in MCL 438.32 are the exclusive remedies for usury under Michigan law. *Michigan Mobile Homeowners Association v. Bank of the Common* 56 Mich. App. 206 (1974).

Here, Plaintiff is attempting to disguise the statutory violations as the common law tort of fraud. You can, however, paint the stripes on a skunk black, but it's still a skunk and it still stinks.

E.  **Plaintiff erroneously identifies the Truth in Lending Act and the Federal Consumer Credit Protection Act as two separate causes of action and the general Federal Statute of Limitations cited by Plaintiff is inapplicable.**

As stated in Defendants' main brief the Truth in Lending Act is part of the Consumer Credit Protection Act. The statute of limitation started to run when the Plaintiff signed the Agreement because the alleged unlawful finance charges were in plain view and not concealed in the documents. The specific one year statute of limitation, as outlined in the plain language of 15 U.S.C. Section 160(e) applies to this cause of action.

4

F.  Conclusion

The Plaintiff throughout her complaint has attempted to show that Defendants have acted unlawfully by charging usurious interest above the legal rate and thus are liable for damages under Michigan statute MCLA Section 438.32 and also under the torts of Fraud, RICO, Unjust Enrichment, Civil Conspiracy, Concert of Action, Consumer Protection Act, Federal Truth In Lending Act and Consumer Credit Protection Act. However, statutory law foundation upon which the entirety of Plaintiff's case is built, only allows usury to be used as a defense. Plaintiff has attempted in her counter statement of "facts" and throughout her complaint to influence this Court by using legal conclusions that are not true. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

For these reasons and the reasons outlined in their original Motion to Dismiss, Defendants' respectfully request that this Honorable Court dismiss Plaintiff's complaint in its entirety.

Dated: May 24, 2013

/s/ Craig A. Aronoff
By: Craig A. Aronoff (P57997)
Erik C. Stein (P72172)
ARONOFF & LINNELL, PLLC
Attorneys for Defendants Benjigates Estates, LLC, Antoine Hayes, Antoine Benjamin, Keith Hudson, and Elm Investment Co.
2804 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320
(248) 977-4182
craig@aronofflinnell.com

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I certify that on May 24, 2013, I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Craig A. Aronoff
By: Craig A. Aronoff (P57997)
ARONOFF & LINNELL, PLLC
Attorneys for Defendants Benjigates Estates, LLC,
Antoine Hayes, Antoine Benjamin, Keith Hudson,
and Elm Investments Co.
2804 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320
(248) 977-4182