UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA EALEY,

          Plaintiff,

v.                                       Case No. 13-10723

BENJIGATES ESTATES, LLC, et al.     HON. TERRENCE G. BERG
                                                   HON. MONA K. MAJZOUB

          Defendant.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' April 19, 2013 motion to dismiss for failure to state a claim upon which relief can be granted. The parties have fully briefed the motion, and oral argument was heard on June 3, 2013.

For the reasons set forth below, it is ORDERED that Defendant's motion to dismiss (Dkt. 10) is GRANTED.

The federal claims, Counts II and VII, are DISMISSED WITH PREJUDICE, while the state claims, Counts I and III–VI are DISMISSED WITHOUT PREJUDICE.[1] Therefore, the entire complaint is DISMISSED.

### I.     FACTUAL BACKGROUND

On February 17, 2011, Plaintiff Brenda Ealey executed a commitment letter with Defendants, agreeing to purchase real property, a home located at 19686 Mitchell Street, Detroit, Michigan. (Dkt. 1-1.) The commitment letter provided that

---

[1] In the absence of any viable federal claims, the Court declines to retain jurisdiction over the state claims, 28 U.S.C. § 1367(c), therefore if Plaintiff desires to refile her state claims she must do so in state court.

Plaintiff would purchase the property for $4,500, with a down payment of $1,500 paid in three installments before the March 11, 2011 closing date. (Dkt. 1-1.)

On the scheduled closing date of March 11, 2011, Plaintiff entered into and executed an Agreement to Purchase and Sell Real Estate for $4,500 consistent with the Commitment letter. (Dkt. 1-2.) Plaintiff elected the method of payment as "Land Contract." (*Id.*)

The payment terms were set forth in a "Land Contract Addendum" (Dkt. 1-2.) The addendum was executed by Plaintiff on the closing date. (*Id.*) Plaintiff executed the addendum and agreed to pay the principle balance of $3,000 in twelve monthly payments of $250 (*Id.*) Plaintiff also agreed through the addendum to pay a "finance charge," an additional $175 each month that a balance was due "for the time to complete the purchase." (*Id.*) Defendants are allegedly not lenders regulated by the state of Michigan or the federal government. (Dkt. 1 at ¶ 46.) Additionally, Plaintiff agreed to a one-time payment of $100 and $30 per month for hazard insurance, and a one-time payment of $250 and $7 per month for title-monitoring services. (*Id.*) The Addendum further provided, and Plaintiff confirmed, that she: "unequivocally express[ed] FULL and COMPLETE understanding of all terms and conditions herein contained"; would "adhere with and conform to contract requirements"; and "hereby acknowledges that ample time has been allotted for contract review and consultation by qualified legal counsel." (*Id.* at ¶ 9.)

Plaintiff made all payments when due, and received on or around March 30, 2012, a quit claim deed for the property in accordance with the terms of the

agreement and addendum. (Dkt. 1 at ¶¶ 23–24.) Plaintiff does not claim that the ownership of the property is currently in question. On February 20, 2013, Plaintiff filed her complaint and initiated this suit, claiming fraud, unjust enrichment, civil RICO, civil conspiracy, concert of action, violations of the Michigan Consumer Protection Act, and violations of the federal Truth in Lending and Consumer Protection Acts. For the reasons set out below, the Complaint must be dismissed because Plaintiff fails to state a plausible claim. (Dkt. 1.)

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide

"more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

### III. ANALYSIS

For the reasons explained below, Plaintiff's complaint fails to state a claim upon which relief can be granted. All seven counts of her complaint, and thus the entire matter, must therefore be dismissed.[2]

---

[2] Plaintiff's first argument in her response, that the motion should not be considered as a Rule 12(b)(6) motion because it was, according to Plaintiff, filed after the Answer, is meritless for several reasons: (1) the motion to dismiss appears on the docket before the answer, which is to say that in the eyes of the Court it was filed before the answer; (2) even if the motion were restyled as one brought under Rule 12(c), when a "Rule 12(b)(6) defense is raised by a Rule 12(c) motion . . . we must apply the standard for a Rule 12(b)(6) motion . . . ." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987); and (3) Plaintiff's argument that a 12(c) motion cannot be brought at this time because the pleadings are not "closed" is without merit—the complaint and answer have both been filed and neither party has suggested a further *pleading* will be made in this case.

**A.     Count I: "Fraud and Statutory Violations."**

Plaintiff alleges in Count I that Defendants committed fraud and violated certain of Michigan's usury laws by entering into a real estate transaction requiring allegedly usurious interest rates. (Dkt. 1 ¶¶ 41–58.) Defendants contend that Plaintiff has failed to allege facts sufficient so support her claim of fraud, and that the usury laws that Plaintiff alleges Defendants violated do not themselves provide a cause of action. (Dkt. 10 at 8–11.)

For most claims, Federal Rule of Civil Procedure 8(a) requires that a plaintiff satisfy her pleading burden by drafting a "short and plain statement of the claim." Rule 9, however, requires that claims of fraud be supported with a statement, detailing "with particularity," "the circumstances constituting fraud or mistake."

In Michigan,

> "[t]he general rule is that to constitute actionable fraud it must appear: (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery."

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Candler v. Heigho*, 175 N.W. 141, 143 (1919)). Plaintiff must also plead facts sufficient to meet the plausibility standard from *Iqbal*: "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

5

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

1. Plaintiff has failed to plead facts establishing fraud.

Although Count I contains numerous allegations, it fails to satisfy the six pleading requirements for fraud noted above.[3]

The Complaint alleges that certain Defendants—though it is entirely unclear which ones—"made a material representation" "with the intention that it should be acted upon by plaintiff," and that "plaintiff acted in reliance upon it." Significantly, however, the Complaint fails to specify exactly which "material representation" was false, or triggered the alleged fraud. Because the Complaint fails to allege all the necessary elements of fraud, this claim fails. To the extent the alleged "misrepresentation" was a failure by Defendants to inform the Plaintiff of the allegedly usurious rate of interest, that is a claim for silent fraud.

To make a claim of silent fraud, a plaintiff must also show that the defendants have a "legal or equitable duty of disclosure." *United States Fidelity & Guaranty Co. v. Black*, 313 N.W.2d 77, 88 (Mich. 1981) (citing 37 Am. Jur. 2d Fraud and Deceit § 146). Plaintiff has not made such an allegation here, nor has she offered facts in support of such an allegation. Thus Plaintiff's claim of "silent fraud" would also fail.

Plaintiff has alleged, essentially: (1) that the parties entered into an agreement; (2) the agreement required Plaintiff to pay a usurious amount of interest; (3)

---

[3] Plaintiff correctly noted in her response that these elements need not be *proven* at this time (Dkt. 17 at 8), but Plaintiff must still allege facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Defendants either knew or should have known that the interest rate was usurious; (4) Plaintiff did not know the interest was usurious; and (5) Defendants did not inform Plaintiff that the interest rate was usurious. This falls far short of pleading a claim of fraud, silent or otherwise. The Complaint does not allege that Defendants made a false statement, nor does it contend that Defendants had an obligation to inform Plaintiff of the status of the interest, [4] or that Plaintiff suffered any injury as a result of the conduct. Plaintiff's broad claim that Defendants "pull[ed] off" an "overwhelmingly fraudulent scam on innocent victims," (Dkt. 17 at 7), offers a conclusory description that sounds illegal, but the complaint is devoid of specific factual allegations of what the defendants did that meet the elements of an action for fraud.

> 2. Plaintiff has not brought an independent claim for alleged violations of Michigan's usury laws.

Although Count I is titled as "Fraud and Statutory Violations," and states that Defendants have allegedly violated Michigan's usury laws, Plaintiff argues that she is not in fact bringing an independent claim for violation of the usury laws but rather refers to those violations only to support her claim of fraud. (Dkt. 17 at 5.)

---

[4] Even if Plaintiff had alleged that Defendants had an affirmative duty to inform Plaintiff of the status of the "interest," the question remains whether, as a matter of law, the transaction was not in violation of Michigan's usury laws because it was not an extension of credit or a loan, and there was no "interest" involved but rather merely a credit sale involving a time-price differential. *See Thelen v. Ducharme*, 390 N.W.2d 264, 267 (Mich. Ct. App. 1986); *In re Skyland, Inc.*, 31 B.R. 920, 922–23 (Bankr. W.D. Mich. 1983); *Silver v. Int'l Paper Co.*, 192 N.W.2d 535 (Mich. Ct. App. 1971); 9 Williston on Contracts § 20:13 (4th ed.) ("[A]lthough [*Thelen*] recognize[ed] a distinction between the time-price differential and usurious interest, when a time-price differential was payable *along with interest* at the highest rate permissible, and the statute required that all charges that would be considered finance charges under the Federal Truth in Lending Act be considered in determining interest, the transaction was usurious.") (emphasis added). The Court need not, and does not, make a finding as to whether the land contract at issue was covered by Michigan's usury laws, but rather only notes that such an argument by Defendant would not have been frivolous.

Because Plaintiff does not allege any independent claim of any violation of Michigan's usury laws, the only question is whether the complaint states facts sufficient to make out a cause of action for fraud. Plaintiff has failed to do so.

Count I of the complaint therefore fails to state a claim.

**B.  Count II: The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d).**

Count II of Plaintiff's complaint alleges that Defendants violated both 18 U.S.C. § 1962(c) and (d) ("the RICO claim"). Section 1962(c) provides that:

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Section 1962(d) makes it unlawful for persons to conspire to violate any of the other subsections of Section 1962, including 1962(c).

Thus, to "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 555, Plaintiff must allege "sufficient factual matter, accepted as true," *Iqbal*, 556 U.S. at 678, that alleges Defendants were: (1) "employed by or associated with an[] enterprise" that was "engaged in" or "affect[ed]" interstate or foreign commerce, and (2) conducting or participating in the enterprise's affairs "through a pattern of racketeering activity or collection of unlawful debt," 18 U.S.C. § 1962(c); or (3) conspiring to do so, 18 U.S.C. § 1862(d).

Plaintiff has not alleged that the "enterprise" was "engaged in" or "affect[ed]" interstate or foreign commerce. Failure to plead this element requires Count II to be dismissed for failure to state a claim. *See Iqbal*, 556 U.S. at 678; *Sterling v.*

8

*Ourisman Chevrolet of Bowie, Inc.*, No. PWG-12-3193, 2013 WL 1870781, *5 (D. Md. May 2, 2013); *cf. Hall Am. Center Assocs. Ltd. P'ship v. Dick*, 726 F. Supp. 1083, 1091–92 (E.D. Mich. 1989) (discussing the requirement of pleading an effect on interstate commerce).

Further, even if the allegation of the enterprise's effect on interstate commerce had been made, Plaintiff has not adequately alleged that any particular person conducted or participated in the enterprise's affairs "through a pattern of racketeering activity or collection of unlawful debt" as required by § 1962(c). The Complaint speaks primarily to Defendants' "racketeering activity" as the source of the RICO claim, but Plaintiff has not identified which activities of the Defendants are "racketeering activities" under RICO. In response to the motion to dismiss, Plaintiff has shifted tack and now focuses on Defendants' alleged "collection of unlawful debt," (Dkt. 17 at 9), but the Complaint is devoid of any factual allegations about the Defendants' involvement in the collection of unlawful debt.

While the complaint does allege that Defendant Antoine Benjamin was involved in establishing a land contract under which "finance charges" were paid that Plaintiff alleges are usurious, it fails to make any allegations entitled to the presumption of truth that the debt was incurred in connection with "the business of lending money," as required by 18 U.S.C. § 1961(6). The complaint as a whole makes it clear that Defendants are or were in the business of selling houses, which they allegedly did by, at least on some occasions, offering buyers the option to purchase those homes on credit. These allegations are not sufficient for the Court to

9

plausibly conclude that Defendants were actually in the business of lending money. *See, e.,g., Cannarozzi v. Fiumara*, 371 F.3d 1, 4 (1st Cir. 2004); *Durante Bros. and Sons, Inc. v. Flushing Nat'l Bank*, 755 F.2d 239, 250 (2d Cir. 1985).

Because Plaintiff fails to allege that the enterprise affected interstate commerce and also fails to specify the nature of the racketeering activity or the collection of an unlawful debt, Count II fails to state a claim under the RICO statute.

C.  **Count III: Unjust Enrichment.**

Count III is a claim of unjust enrichment. (Dkt. 1 ¶¶ 70–72.) The elements of a claim for unjust enrichment are "(1) receipt of a benefit by the defendant from the plaintiff[,] and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. In such instances, the law operates to imply a contract . . . to prevent unjust enrichment." *Barber v. SMH (US), Inc*, 509 N.W.2d 791, 796 (Mich. 1993). But "a contract will be implied only if there is no express contract covering the same subject matter." *Id.*

Plaintiff apparently concedes that the above is the current state of the law, and that it is potentially fatal to her claim of unjust enrichment, noting that she pleaded this count "in the alternative" in the event that "the contract is deemed invalid by law." (Dkt. 17 at 10.)

Count III must be dismissed for failure to state a claim upon which relief can be granted because the complained of transaction was covered by an express contract, and therefore no relief is available under unjust enrichment. (Dkt. 1 ¶¶ 17–23, Exs. A, B.)

10

**D.     Counts IV and V: Civil Conspiracy and Concert of Action.**

Count IV is a claim of Civil Conspiracy. (Dkt. 1 ¶¶ 73–79.) The elements of a claim for civil conspiracy are: (1) "some concerted action," (2) by "a combination of two or more persons," (3) "to accomplish a criminal or unlawful purpose, or to accomplish a purpose not unlawful by criminal or unlawful means." *Cousineau v. Ford Motor Co.*, 363 N.W.2d 721, 730 (1985) (quoting *Fenestra, Inc. v. Gulf American Land Corp.*, 141 N.W.2d 36, 48 (1966)). Defendants argue that Plaintiff's claim of civil conspiracy should fail because the Count "does not have a valid underlying tort against Defendants." (Dkt. 10 at 14–15.)

Defendants are correct that Plaintiff has not alleged a "valid underlying tort." The only tort claim Plaintiff has made is the fraud claim in Count I, but as discussed above that claim must be dismissed for failure to state a claim. That does not end the inquiry, however.

While Defendants have accurately cited cases that hold that a claim for civil conspiracy cannot survive without a valid underlying tort, (Dkt. 10 at 14), the use of the term "tort" in those cases is likely a consequence of the facts of those cases. More generally stated, what is necessary for a civil conspiracy claim to stand is an adequately alleged "wrongful act[] causing . . . damages." *Fenestra*, 141 N.W.2d at 49. While Plaintiff's allegations are insufficient to support her claim of fraud, it is possible that they could be sufficient to provide the "wrongful act" necessary for her claim of civil conspiracy to survive. But the Court need not make that determination because Count IV fails for a completely different reason.

Plaintiff's claim of civil conspiracy fails to state a claim upon which relief can be granted because she fails to adequately allege that Defendants performed or took part in a "concerted action"—in other words, she has failed to allege that the Defendants actually *conspired* with one another. A claim of conspiracy cannot stand without an agreement between two or more persons with an unlawful object—that is, without an allegation that an actual conspiracy existed.

Plaintiff has not made any specific allegations of conduct by any of the Defendants other than Antoine Benjamin, except to note their names and positions within the Defendant companies. The generalized, conclusory allegations such as those in paragraphs 60 through 86, to the effect that "Defendants" jointly undertook certain conduct, are not sufficient to "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 555, because they do not plead factual content that permits the Court to reasonably infer that the defendants are liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court cannot find that the claim of civil conspiracy is plausible when Plaintiff has not alleged even that the Defendants other than Benjamin were aware of the allegedly usurious finance charges, or occupied roles or took actions that would have given them knowledge of the allegedly nefarious business operations.

Plaintiff's Count V for concert of action fails to state a claim for the same reason as Count IV. In her response, Plaintiff notes: (1) that a concert of action claim does

12

not require "'[e]xpress agreement' . . . all that is required is that there be a tacit understanding"; (2) that Plaintiff need not "be []able to identify the specific defendant who caused [her] injury"; and (3) "[t]o state a cause of action . . . Plaintiff need only allege that the defendants were jointly engaged in tortious activity as a result of which the plaintiff was harmed." (Dkt. 17 at 12.) This may be a correct statement of the law, but it does not save her claim for concert of action, because, as with civil conspiracy, she has not adequately alleged that "defendants were jointly engaged in tortious activity as a result of which the plaintiff was harmed." As stated above, there are no allegations in the Complaint entitled to the presumption of truth that explain what role, knowledge, or participation, if any, anyone other than Benjamin had regarding Plaintiff's, or anyone else's, land contract. There is consequently no *jointly engaged in* tortious activity alleged in the Complaint. For this reason, both Counts IV and V fail to state a claim upon which relief can be granted.

**E.    Count VI: Michigan Consumer Protection Act.**

Count VI is a claim of violations of the Michigan Consumer Protection Act. (Dkt. 1 ¶¶ 87–101.) The elements of a claim for violating the Act are: (1) the defendant is engaged in trade or commerce, Michigan Compiled Laws 445.902(1)(g); (2) the conduct by the defendant is prohibited under Michigan Compiled Laws 445.903(1); (3) if requesting declaratory or injunctive relief, the plaintiff is a person as defined in the Act, Michigan Compiled Laws 445.911(1); and (4) if requesting individual or

class damage relief, the plaintiff is a "person who suffers loss," Michigan Compiled Laws 445.911(2), (3).

Defendants argue that this count should be dismissed because Benjamin's status as a licensed real estate broker exempted his actions from the application of the Act. Dkt. 10 at 15–16.) As Plaintiff points out, this is plainly wrong. Benjamin's status a as a real estate broker does not exempt him from actions he takes as a creditor.

But, nevertheless, Plaintiff's Count VI fails to state a claim upon which relief can be granted.

Plaintiff has not established how the charging of usurious interest, alone, violates the Act. Plaintiff specifically notes that Defendants violated the Act by "misrepresenting the advantages, benefits, terms[,] and conditions of the sale on land contract . . . ." (Dkt. 1 ¶ 95.) But there is no allegation entitled to the presumption of truth that any Defendant misrepresented anything—there is no allegation that any Defendant actually told or otherwise communicated to Plaintiff that the "interest rate" charged was not usurious. Plaintiff has not pleaded facts setting out conduct by the defendant that is prohibited under Michigan Compiled Laws 445.903(1). As to the specific allegations made by Plaintiff in paragraph 95 (A) through (K): (A) Plaintiff has not established that Defendants caused "the probability of confusion and misunderstanding as to the legal rights, obligations, or remedies" Plaintiff had regarding the transaction; (B) Plaintiff has not established that Defendants "represent[ed]" or implied that the rate of interest was . . . legal"[5];

---

[5] Plaintiff also does not provide an explanation for how those facts, even if they are assumed to be true, constitute a violation of § 445.903(g).

14

(C) Plaintiff has not identified any misrepresentations of fact; (D) Plaintiff has not explained how Defendants "[took] advantage of the consumer's inability reasonably to protect . . . her interests"; (E) Plaintiff has not alleged any such discrepancies; (F) Plaintiff has not alleged that any failure to reveal a material fact by Defendants "tend[ed] to mislead or deceive"; (G) Plaintiff has not established "that Defendants entered into a consumer transaction in which the consumer waive[d] or purports to waive a right, benefit, or immunity"; (H) Plaintiff has not alleged a "gross discrepancy' between the oral representations of the seller and the written agreement"; (I) Plaintiff has not alleged how Defendants made a "representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is"; (J) Plaintiff has not established how charging a "title monitoring fee" violates the Act; and (K) Plaintiff has not established which "representation of fact" was not properly countered by the revelation of "facts that are material to the transaction." (Dkt. 1 ¶¶ 95.) For these reasons, Count VI fails to state a claim upon which relief can be granted.

### F. Count VII: Truth in Lending Act and Consumer Credit Protection Act.

Count VI is a claim of violations of Truth in Lending Act and Consumer Credit Protection Act. Defendants argue that this Count must be dismissed because the one-year statute of limitations has run, (Dkt. 10 at 16–17.) The Court agrees. 15 U.S.C. § 1640(e). The law requires, for certain claims under the Truth in Lending

Act, that suit be brought within one year.[6] *Id.* Plaintiff's vague pleading does not identify which sections of the Act Defendants allegedly violated. Plaintiff also fails to argue in response how Defendants' conduct violates one of the sections of the Act that has a longer limitations period. Plaintiff's obligation to make a plausible claim includes the responsibility to allege facts that enable the Court and the opposing parties to determine whether the claim falls within the applicable limitations period. Despite the need to respond to Defendant's argument that this claim is time-barred, Plaintiff does not clarify how she is alleging facts that justify a claim under those provisions of the Act with longer limitations periods. Plaintiff rather offers conclusory allegations of fraudulent concealment to justify the late filing. This claim of fraudulent concealment is not supported by any specific factual allegations as to what was done, and by whom, to fraudulently conceal Plaintiff's claims of violations of the Truth in Lending Act and Consumer Credit Protection Act.

As the statute of limitations for this claim had run before Plaintiff brought suit, Count VII must be dismissed for failure to state a claim.[7]

### IV. CONCLUSION

For the reasons set forth above, it is ORDERED that Defendant's motion to dismiss (Dkt. 10) is GRANTED.

---

[6] Claims not subject to the one-year limitation are those brought "with respect to any violation of section 1639, 1639b, or 1639c," those claims must be brought within three years. 15 U.S.C. § 1640(e).

[7] Plaintiff argued in her response that because Defendants did not offer an argument against Plaintiff's claim under the Consumer Credit Protection Act, that that claim must stand. (Dkt. 17 at 16.) The Court disagrees. As the Truth in Leading Act was originally Title I of the Consumer Credit Protection Act, and considering that Plaintiff paired them in a single count, it was more than reasonable for Defendants to assume that the claim was simply one brought under TILA. Regardless, Plaintiff's very vague pleading is insufficient to sustain a separate claim under the Consumer Credit Protection Act.

The federal claims, Counts II and VII, are DISMISSED WITH PREJUDICE, while the state claims, Counts I and III–VI are DISMISSED WITHOUT PREJUDICE. Therefore, the entire complaint is DISMISSED.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 9, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>
Case Manager