UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRENDA EALEY**, Individually
and as Representative of
a Class of Individuals
Similarly Situated,

                       Plaintiffs,

     -vs-

**BENJIGATES ESTATES, LLC,**
**ELM INVESTMENT CO.,**
**ANTOINE M. HAYES I,**
     **a/k/a ANTOINE BENJAMIN,**
**KEITH HUDSON,**
     **a/k/a KEITH BENJAMIN,**
**EUGENE W. BROADWAY,**
     **a/k/a BROADWAY BENJAMIN,**
**and DAVID WILLIAMS,**
Jointly and Severally,

                 Defendants.

Case No.: 2:13-cv-10723
HON: TERRENCE G. BERG
Magistrate Judge: MONA K. MAJZOUB

**STEVEN T. BUDAJ, P.C.**
By Steven T. Budaj (P-30154)
Donald J. Andrews (P-48501)
Attorneys for Plaintiffs
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 963-9330

ARONOFF & LINELL, PLLC
By Craig A. Aronoff (P-57997)
Attorney for Defendants
BENJIGATES ESTATES, LLC,
ELM INVESTMENT CO.,
ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN
and KEITH HUDSON,
2804 Orchard Lake Rd., Ste. 203
Keego Harbor, MI 48320
(248) 977-4182

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX (313) 963-9185
email: stbudaj@counsel.cc

                              /

<u>**FIRST AMENDED CLASS ACTION COMPLAINT**</u>
<u>**AND DEMAND FOR JURY TRIAL**</u>
<u>**(Injunctive Relief and Damages Sought)**</u>

Now comes Plaintiff, **BRENDA EALEY**, by and through her attorneys STEVEN T. BUDAJ, P.C. by STEVEN T. BUDAJ, and DONALD J. ANDREWS, and for her complaint on behalf of herself and a Class of Individuals similarly situated against Defendants BENJIGATES ESTATES, LLC, ELM INVESTMENT CO., ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, and DAVID WILLIAMS, states as follows:

### PARTIES

1. Plaintiff, **BRENDA EALEY**, is and has been at all times relevant herein, a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Upon information and belief, the Plaintiff CLASS MEMBERS are residents of the City of Detroit, County of Wayne, State of Michigan.

3. Defendant, **BENJIGATES ESTATES, LLC**, is a Michigan Limited Liability Company located in the County of Oakland and State of Michigan.

4. Defendant, **ELM INVESTMENT CO** is a Michigan Corporation located in the County of Oakland and State of Michigan.

5. Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, is or was at all relevant times, the chief executive officer of Defendant, BENJIGATES ESTATES, LLC, and a purported agent for Defendant, ELM INVESTMENT CO, whose residence is unknown.

6. Defendant, **KEITH HUDSON, a/k/a KEITH BENJAMIN**, is or was at all relevant times, the chief financial officer of Defendant, BENJIGATES

LAW OFFICES

STEVEN T. BUDAJ, P.C.

2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

ESTATES, LLC, whose residence is unknown.

7.    Defendant, **EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN**, is or was at all relevant times, the chief operations officer for Defendant, BENJIGATES ESTATES, LLC whose residence is unknown.

8.  Defendant, **DAVID WILLIAMS**, is a representative of Defendant, ELM INVESTMENT CO, whose residence is unknown.

## JURISDICTION AND VENUE

9.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

10.  Jurisdiction is based on 28 USC §1331.

11.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that Plaintiff and the class members are residents of this district, the acts and transactions giving rise to this action occurred in this district, and because Defendants:

> A.    are authorized to conduct business in this district and has availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;
>
> B.    do substantial business in this district; and
>
> C.    are subject to personal jurisdiction in this district.

12.  Upon information and belief, the real properties that are the subject of this action and owned by the Plaintiff and the class members are located within this district.

13. Specifically, the Plaintiff, BRENDA EALEY'S real property which is the

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

–3–

subject of this action is located at 19686 Mitchell, Detroit, Wayne County, Michigan.

14.   The Defendants all do business in this district.

## COMMON AND CLASS ACTION ALLEGATIONS

15.   Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

16.   The Defendants, whose real names are ANTOINE M. HAYES, KEITH HUDSON, and EUGENE W. BROADWAY, use pseudonyms when dealing with the public so as not to disclose their true identity.

17.   Defendant, ANTOINE M. HAYES I uses the name ANTOINE BENJAMIN, when dealing with the public and even when signing documents, even though there is no such person as Antoine Benjamin.

18.   Defendant, KEITH HUDSON uses the name KEITH BENJAMIN, when dealing with the public and even when signing documents, even though there is no such person as Keith Benjamin.

19.   Defendant, EUGENE W. BROADWAY uses the name BROADWAY BENJAMIN, when dealing with the public and even when signing documents, even though there is no such person as Broadway Benjamin.

20. The Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, represent to the world that they are the "Benjamin

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

–4–

Brothers",[1] even though they are, in fact, not named "Benjamin", nor are they brothers.

21.  In or about January and February 2011, Plaintiff, Brenda Ealey, discussed the purchase of a particular property in the City of Detroit with the Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN.

22.  On or about February 17, 2011, Plaintiff signed a "commitment letter" agreeing to purchase certain real property located at 19686 Mitchell, Detroit, Wayne County, Michigan for the total sum of $4,500.00. Said commitment further stated Plaintiff would pay $1,500.00 down and the balance of $3,000.00 on a land contract with the Defendant, BENJIGATES ESTATES, LLC. (Exhibit B)

23.  On or about March 11, 2011, the Plaintiff entered into an "Agreement to Purchase and Sell Real Estate" along with a "Land Contract Addendum" which by the terms of the Land Contract Addendum was the "governing document" between the Plaintiff, BRENDA EALEY as Buyer-Vendee, and the Defendant, BENJIGATES ESTATES, LLC, as Seller Vendor, and signed by Plaintiff, BRENDA EALEY, and Defendant, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, as Chief Operating Officer of Defendant, BENJIGATES ESTATES, LLC. (Exhibit C)

24.  Defendant, BENJIGATES ESTATES LLC, was not the owner of the

LAW OFFICES

STEVEN T. BUDAJ, P.C.

2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

_____

[1] See attached photo of the "Benjamin Brothers". (Exhibit A)

subject property being sold to Plaintiff, nor was it disclosed in the contract that it was an agent or otherwise acting on behalf of any other entity.

25. A land contract is an agreement for the seller (Benjigates) to provide financing to the buyer (Brenda Ealey) to purchase real property for an agreed upon price and the buyer repays the loan in installments to the seller.

26. Under a land contract, the seller retains the legal title to the property, while permitting the buyer to take possession of it for most purposes other than legal ownership. When the full purchase price has been paid including any interest, the seller is obligated to convey legal title to the property to the buyer.

27. A land contract differs from a conventional sale in that in the usual, more conventional real estate sales, a seller does not provide a loan to the buyer; the contract either does not specify a loan or includes provisions for a loan from a different "third party" lender, usually a financial institution. When third party lenders are involved, typically they do not retain title, but instead place a lien called a mortgage on the property so that the value of the property is used as collateral until the loan is paid in full.

28. The most common use of a land contract is as a form of short-term seller financing and is sometimes used by buyers who do not qualify for conventional mortgage loans offered by a traditional lending institution, for reasons of unestablished or poor credit.

29. Land contracts are a common way for a seller to finance the sale of property when other forms of conventional mortgage financing is unavailable to a

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

buyer.

30.  In some instances, land contracts are used by a seller to earn interest on the loaned funds in an amount that is more than the same funds could earn while invested in a bank account or other safe investments.

31.  The maximum rate of interest permissible in Michigan, pursuant to MCL 438.31c is 11%.

32.  Defendants in this case charged the Plaintiff, and others similarly situated, a rate of interest equal to 70%.

33.  Said Land Contract Addendum entered into between the Plaintiff, BRENDA EALEY, and the Defendant, BENJIGATES ESTATES, LLC, contained a provision for Plaintiff to pay the said $3,000.00 balance to Defendant, BENJIGATES ESTATES, LLC, over a period of 12 months at the rate of $250.00 per month. (Exhibit C)

34.  The Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, were all physically present at the time of the execution of the land contract as stated above and all of said Defendants participated in discussions with the Plaintiff.

35.  Said Land Contract Addendum entered into between the Plaintiff, BRENDA EALEY, and the Defendant, BENJIGATES ESTATES, LLC, also contained a provision for the payment of a "Finance Charge Amount" which was in the specified sum of $175.00 per month for a period of 12 months. (Exhibit C)

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

–7–

36. Pursuant to the Land Contract Addendum the total payment of principal of $250.00 per month plus the Finance Charge of $175.00 per month was $425.00 per month. (See Exhibit C)

37. Plaintiff, BRENDA EALEY, paid a total of $5,100.00 over the twelve month term of her land contract on a principal balance of $3,000.00 plus the $2,100.00 in finance charges, resulting in a finance charge rate of seventy percent (70%) interest.

38. The amount of the "Finance Charge Amount" charged by the Defendants is in excess of the amount of such charges permitted by law.

39. Plaintiff, BRENDA EALEY, made all payments as required under the said Land Contract Addendum.

40. On or about March 30, 2012, the Defendant, ELM INVESTMENT CO issued a Quit Claim Deed to the Plaintiff, BRENDA EALEY, signed by "Antoine Benjamin", as agent of Defendant, ELM INVESTMENT CO, even though Antoine Benjamin is a fictitious person and not a real person. (Exhibit D)

41. MCL 565.1 states: "Conveyances of lands, or of any estate or interest therein, may be made by deed, signed and sealed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney, and acknowledged or proved and recorded as directed in this chapter, without any other act or ceremony whatever."

42. The fictitious person "Antoine Benjamin" cannot act as "Agent" for Defendant, Elm Investment Company as said named person does not exist.

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

43.   Plaintiff had no contract or any other transactions or dealings with Defendant, ELM INVESTMENT CO.

44.   ELM INVESTMENT COMPANY was not a named party in the land contract between Plaintiff and Benjigates. (see exhibit C).

45.   The deed from ELM INVESTMENT COMPANY is not valid as the signature of the agent, "Antoine Benjamin" is not a real person and therefore could not be the "agent" of Defendant, ELM INVESTMENT COMPANY.

46.   Individual Defendants are licensed, sophisticated real estate broker and sales professionals, who, acting through their shell corporations made bulk purchases of houses from tax and/or mortgage foreclosures, HUD and other methods then "flipped" them and re-sold the houses for a huge profit.

47.   Most of the Defendants' residential sales were on land contracts to unsuspecting and unsophisticated purchasers predominantly in the City of Detroit at interest rates far in excess of the rate permitted by Michigan law.

48.   Upon information and belief, the Class Members also dealt with the Defendants ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, in similar fashion, signed similar commitment letters, Agreements to Purchase and Sell Real Estate and a Land Contract Addendum with similar language to that signed by the Plaintiff, BRENDA EALEY.

49. Upon information and belief, the potential class size is that of hundreds

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

or thousands of persons[2] who purchased property on land contract from the Defendants rendering the joinder of all members of the class impracticable.

50.  In all cases, the land purchases occurred as a direct and proximate result of the same aforementioned Commitment, Agreement to Purchase and Sell Real Estate and Land Contract Addendum, which, as alleged, constituted a violation of the rights of individuals secured by the laws of the State of Michigan and the United States of America. Thus, there exists questions of both law and fact common to all persons within the class that predominate over any issues affecting only individual members.

51.  As stated above, Plaintiff, BRENDA EALEY, herself entered into such an agreement with the Defendants and her claim is thus typical of the claims of the other persons of the class. There are no issues or defenses unique to the named Plaintiff, and Plaintiff would have no conflicts with members of the class.

52.  Plaintiff, BRENDA EALEY's interest in this litigation is identical to the interests of the class as a whole in that Plaintiff, like the other members of the class, suffered a deprivation of her legal rights similar to the deprivation of the rights of the other members of the class and, similar to the other members of the class, suffered that deprivation as a direct and proximate result of the Defendants' actions. Therefore, Plaintiff will fairly and adequately represent the interests of the class as a whole.

53.  Plaintiff is represented by attorneys identified in the caption of this

---

[2]  See "Crain's Detroit Business", Volume 29, No. 34, article *Flipping with a Twist* .

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: sbudaj@counsel.cc

complaint with extensive individual and collective experience in civil litigation.

54.   The prosecution of separate actions by individual members of the class would create a risk of inconsistent and varying adjudications which would establish incompatible standards of conduct for the Defendants since the same policy described above is at issue in each and every case and thus there is the risk that the legality of that policy could be decided differently by different courts. This action should therefore be maintained as a class action.

55.   As alleged above, the Defendants have acted toward Plaintiff and members of the class on grounds generally applicable to the entire class consisting of the application of the same unlawful policy making and appropriate final injunctive relief is sought herein. This action therefore should be maintained as a class action.

56.   The exact size of the Plaintiff Class and the identity of all its members are ascertainable from the business records of Defendants.

57.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual claims of the class members are too small to warrant their bringing individual actions. To the best of plaintiff's knowledge, there is no other action brought on behalf of the class against the Defendants. There should be no difficulties in the management of this action as a class action, since the information needed to identify the class and calculate damages should be readily obtainable in discovery from the Defendants.

58.   Certification of the class under Rules 23(b)(2) and (3) of the Federal

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate damage, declaratory and injunctive relief with respect to the class as a whole.

59.   This action should be maintained as a class action pursuant to Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure because the common questions of law and fact predominate over questions affecting only individual members of the class and the class action is superior to other methods for the fair and efficient adjudication of the controversy for several reasons including the following:

A.   The primary legal issue concerning the actions of the Defendants can be resolved in one action as opposed to the same question being raised in numerous different actions resulting in a more efficient resolution of the dispute for all parties and the court;

B.   The primary legally significant difference among the members of the class is the degree to which the class member were charged a fraudulent or excessive interest rate which can be quantified and evaluated on the basis of sub-classes, if necessary, since the amounts were specified in the land contract addendum, is a manner superior to the adjudication of numerous individual claims in that the sizes of the potential monetary awards to each class member will be consistent with each other and the actual injury suffered;

C.   This court is the superior forum for the adjudication of all of these claims since the claims of all of the class members arose within this district.

60.   Unless a class-wide injunction is issued, Defendants will continue to commit the violations alleged herein.

61.   The Plaintiff brings this action on behalf of herself and proposed plaintiff Class members under Rules 23(b)(2) and (3) of the Federal Rules of Civil

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

–12–

Procedure. The proposed Class consists of:

> All persons in the United States who purchased real property from the Defendants or any of them on a land contract. Excluded from the Class are those who purchased real property on cash sales or mortgages from third parties; members of the federal judiciary and their relatives; and Defendants' officers, directors and employees.

## COUNT I
## FRAUD AND STATUTORY VIOLATIONS

62.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

63.  As part of the sale of real property, the Defendants, and each of them, required the Plaintiff and others to make payment of a rate of interest that far exceeded the legal rate of interest allowed to be charged for land contract transactions in the State of Michigan.

64.  On or about February 17, 2011 and on or about March 11, 2011, Defendant, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, made specific representations to the Plaintiff that the land contract met all legal standards under Michigan law.

65.  Furthermore, on or about February 17, 2011 and on or about March 11, 2011, when Plaintiff, BRENDA EALEY, specifically requested that she be permitted to have the contract reviewed by her attorney, she was told specifically by the Defendants, ANTOINE M. HAYES I, a/k/A ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, that she did not need an attorney and the said

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

Defendants specifically advised the Plaintiff that "no attorney was needed" and "the contract met all the requirements of Michigan law".

66. Plaintiff relied on these statements of the Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN.

67. Moreover, on or about February 17, 2011 and on or about March 11, 2011, after Plaintiff was advised that no attorney was needed, the Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, continued to pressure the Plaintiff to sign the contract now so as not to lose out on the purchase of the home as others were interested in purchasing the same home.

68. In fact, the contract did not meet all the requirements of Michigan law because the rate of interest for a land contract in Michigan being 11% was exceeded in her land contract when the Defendants charged her 70%.

69. In fact, it was not true that "no attorney was needed" and "the contract met all the requirements of Michigan law" because the contract did not meet all the requirements of the law and Defendants' statements to the contrary were made to dissuade Plaintiff from retaining an attorney who would have revealed these facts to the Plaintiff and hide the Defendants' misrepresentations.

70. These statements made by the Defendants to pressure the Plaintiff to purchase the home as stated in paragraph 66, were false and intended and designed

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

to assist in the misrepresentation and/or to get Plaintiff to sign the land contract immediately.

71.    Moreover, the Defendants' land contract required that Plaintiff, Individually and as representative of a Class of Individuals similarly situated, pay an additional amount for enrollment and on a monthly basis for mandatory "title monitoring" to a non-existent entity called "Frontline Property Protection, LLC", as stated in the Land Contract Addendum, in the amount of $250.00 for the enrollment fee plus $7.00 per month.

72.    The "title monitoring" fee was charged and paid to Defendant, BENJIGATES ESTATES, for the sole purpose of increasing Defendants' profits and was not for any legal or legitimate purpose in that no title monitoring services were provided.

73.    In the case of the Plaintiff, BRENDA EALEY, her "finance charge" was seventy percent (70%), paid at the rate of $175.00 per month for twelve months, ($2,100.00), on a $3,000.00 land contract principal balance for which principal payments were $250.00 per month for twelve months for a total monthly payment of $425.00 per month.

74.    A finance charge represents the total amount payable to a lender for borrowing money, and pursuant to the Truth in Lending Act, (15 USC §1605), a finance charge is the total of all charges paid by the borrower and imposed by the creditor as a condition of extending credit.

75.    Plaintiff, BRENDA EALEY, paid a total of $5,100.00 over the twelve

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

month term of her land contract on a principal balance of $3,000.00 plus the finance charge of $2,100.00, resulting in a rate of seventy percent (70%) interest.

76.   The legal maximum rate of interest permissible under Michigan law for land contracts in most cases is eleven percent (11%), MCL 438.31c, and can exceed eleven percent (11%) only in certain limited instances, (of which none apply in this case), but can never exceed the criminal usury rate of twenty-five percent (25%), per MCL 438.31c(4); MCL 438.41.

77.   The Defendants are not lenders regulated by the State of Michigan or by a federal agency (which are given special treatment and allowed in some cases to charge higher rates of interest), and are thus limited to eleven percent (11%) interest on land contracts in Michigan.

78.   The interest rate/finance charge paid by the other members of the class was similar to that paid by the Plaintiff and also far exceeded the legal rate of interest allowed to be charged for land contract transactions in the State of Michigan.

79.   The violation of Michigan law pursuant to MCL 438.32 results in the Defendants being "barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs."

80.   Additionally, pursuant to MCL 438.32, "the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns."

81.   Sellers did not advise the purchasers that the amount they were charging

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

–16–

for the Finance Charge was in excess of the amount allowed by law.

82.  The failure to so advise the Plaintiff Individually and as representative of a Class of Individuals similarly situated, was done with the intention of inducing a prospective purchaser to buy real property owned by the Defendants.

83.  In purchasing the premises, Plaintiff reasonably relied on the purported honest statements of the Defendants' representations, which were not truthful.

84.  Defendant sellers were under an affirmative duty to comply with Michigan law, MCL 438.41, as it relates to the amount of interest charged on any transaction, including land contracts.

85.  Had Plaintiff been informed of the existence of an illegal rate of interest, she would not have purchased the house.

86.  The Defendants represented that the seller of the property was Defendant, Benjigates Estates, LLC, (See exhibits B and C).

87.  In fact, the property which Plaintiff purchased was not owned by Defendant, Benjigates, LLC. (see exhibit D), as exhibit D purports to be a deed from Defendant, Elm Investment Company and signed by a fictitious person.

88.  Plaintiff relied on Defendant's representations that the title was properly transferred to her.

89.  The title to the property was not properly transferred to the Plaintiff, Brenda Ealey, see allegations in paragraphs 38-42 and 79-81, *supra*.

90. Defendants are jointly and severally liable to the Plaintiff, Individually and as representative of a Class of Individuals similarly situated, for their losses as

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

follows:

A.   Defendants are liable for misrepresentation in connection with the land contract and land contract addendum.

B.   Defendants are liable for fraudulent concealment of the legal interest rate they were permitted to charge on a land contract.

C.   Defendants are liable for fraudulent charges for "title monitoring" when in fact such fee was used to increase the finance charge and thus, Defendants' profits.

D.   Defendants are liable to Plaintiff for failing to properly transfer the property to Plaintiff.

91.  Moreover, the Defendants were not only defrauding the Plaintiff, they were also defrauding the State of Michigan when they failed to follow MCL 207.521, *et seq.*, by declaring on the deed, (exhibit D), that the sales price was $1.00 and not the true purchase price for the sole purpose ot avoiding the payment of transfer tax as required by said statute.

92.  As a direct and proximate result of the aforementioned wrongful conduct Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, suffered serious and permanent injuries, all past, present and future, including the payment of a rate of interest far in excess of the legal rate resulting in monetary damages as well as a failure of the Defendants to provide proper title to the real property.

Wherefore, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in an amount to which they are entitled, together with costs, interest, and attorney fees.

## COUNT II
## SILENT FRAUD

93.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

94.  Defendant BENJIGATES acted as the listing agent for the Property located at 19686 Mitchell, Detroit, Wayne County, Michigan.

95.  Defendant, BENJIGATES,  was the employer and brokerage office that employed Defendants ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, during this particular transaction.

96.  Defendant, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, is and was at all relevant times herein, a real estate broker licensed by the State of Michigan subject to all of the obligations and requirements of a real estate broker.

97.  Defendants ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, were aware of the excessive interest rate being charged by their concerted action to draft, use and market the properties with the land contracts similar to Plaintiff's exhibit C, to Plaintiff and others similarly situated.

98.  Particularly, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, was aware of the excessive interest rate as a licensed real estate broker having taken classes, a test for licensing and annual continuing education to maintain his license.

99.  The Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

–19–

BROADWAY BENJAMIN, were in the business of buying and selling homes to individuals, such as the Plaintiff, and all of them knew that the proper interest rate to be charged on land contracts in the State of Michigan was limited to 11% per annum.

100.  Pursuant to MCL 565.965, as the broker/agent for the Seller, Defendants ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, were required and under a duty to refrain from knowingly acting in concert with Defendant, BENJIGATES or Defendant, ELM INVESTMENT COMPANY, in failing to disclose the excessive interest rate.

101.  Section 339.22333(1) of the Real Estate Broker's and Sales Persons General Rules (in the Michigan Administrative Code) states that a licensee shall not, directly or indirectly, misrepresent material facts.

102.  These two rules establish both a legal and equitable duty to disclose or refrain from participating in the misrepresentation of the terms of a transaction to a potential Buyer (such as Plaintiff), despite the fact that the broker/agent is acting on behalf of the Seller.

103.  Plaintiff, BRENDA EALEY, inquired of Defendants ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, on at least two occasions, 2/17/2011 and 3/11/2011, as to the need for an attorney to review the documents and was specifically advised by the said Defendants that there

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

–20–

was" no need for an attorney" as the transaction "met all requirements of Michigan law".

104.   Defendants ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, knew at the time that they made these statements to the Plaintiff that the transaction did not meet all the requirements of Michigan law as the interest rate being charged exceeded the amount permitted for land contracts in Michigan, but did not disclose same to the Plaintiff.

105.   That by Defendants' failure to disclose this material information and to sell the Property with an excessive rate of interest, Defendants ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, knowingly participated in the fraudulent misrepresentation to the Plaintiff.

106.   Defendants intended that the Plaintiff would rely on these representations.

107.   Plaintiff did in fact rely on Defendant ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN's statements, when she decided to purchase the property.

108.   Plaintiff would not have purchased the property if she had been told the interest rate she was being charged was 70%.

109.   Defendants had a duty to transfer the property to the Plaintiff pursuant

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

to MCL 565.1 which states: "Conveyances of lands, or of any estate or interest therein, may be made by deed, signed and sealed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney, and acknowledged or proved and recorded as directed in this chapter, without any other act or ceremony whatever."

110.  Defendants did not properly transfer the property to the Plaintiff since the signature was that of a fictitious person who could not be an agent.

111.  As a result of Defendants' fraudulent misrepresentations and or silent fraud, the Plaintiff and all others similarly situated, have suffered substantial damages resulting in monetary damages as well as a failure of the Defendants to provide proper title to the real property.

Wherefore, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled, together with costs, interest, and attorney fees.

## COUNT III
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)
## 18 U.S.C. §1962(a), (b), (c) and (d)

112.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

113.  The individual Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, by and

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

through the corporate Defendants, BENJIGATES ESTATES, LLC and ELM INVESTMENT CO., violated 18 U.S.C. §1962(a) by investing the income or the proceeds of income derived through the scheme of racketeering and/or collection of an unlawful debt as described herein, back into the businesses created and/or the enterprise.

114. The individual Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, by and through the corporate Defendants, BENJIGATES ESTATES, LLC and ELM INVESTMENT CO., violated 18 U.S.C. §1962(b) by acquiring an interest in, or control of, the enterprise described in the following paragraph, and those activities affected interstate commerce by use of the U.S. mails and federally insured financial institutions through which the pattern of racketeering activity and/or collection of the unlawful debt as described herein existed.

115. The corporate Defendants, BENJIGATES ESTATES, LLC and ELM INVESTMENT CO. and the individual Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, are engaged in an illegal "enterprise" as that term is used in 18 USC §1961(d) as follows:

    A.   The individual Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, created and/or joined a

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

common or shared purpose to collect an unlawful debt as described herein by charging an interest rate in excess of those allowed by law through the U.S. Mail, wire service and/or using federally insured banking institutions, and as stated in Counts I and II, *supra*.

B.   ANTOINE M. HAYES was the chief executive officer of BENJIGATES ESTATES, LLC and representative of the various corporations to the customers through the alias Antoine Benjamin.

C.   KEITH HUDSON was chief financial officer of BENJIGATES ESTATES, LLC and representative of the various corporations to the customers through the alias of Keith Benjamin

D.   EUGENE BROADWAY was chief operations officer of BENJIGATES ESTATES, LLC and representative of the various corporations to the customers through the alias of Broadway Benjamin.

E.   DAVID WILLIAMS was the incorporator of the shell company ELM INVESTMENT, CO.

F.   On or about March 17, 2011, Defendants presented a "land contract" to Plaintiff with a rate of interest substantially over and above the legal rate of interest of 11%, being 70%.

G.   The Defendants misrepresented the cost of such illegal rate of interest calling it a "finance charge".

H.   The Defendants accomplished this scheme, in whole or in part, by using the United States Mail to conduct the transactions on at least two occasions being on or about March 9, 2011 and April 17, 2012, and the use of banking institutions.

See *H.J. Inc.* v. *Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)

116.   The common shared purpose was effectuated by forming the corporate Defendants, BENJIGATES ESTATES, LLC and ELM INVESTMENT CO. , with the individual Defendants controlling the structure and direction through the corporate form.

117.   The enterprise as evidenced through the corporate Defendants,

–24–

BENJIGATES ESTATES, LLC (Michigan Corporate ID Num: E12262) and ELM INVESTMENT CO. (Michigan Corporate ID Num: 295300) , were separate from the pattern of racketeering activity and/or collection of an unlawful debt and were used as an enterprise to accomplish the unlawful activity. See *Bennett* v. *Berg*, 685 F.2nd 1053 (8th Cir. 1982).

118.   The individual Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, and corporate Defendants BENJIGATES ESTATES, LLC and ELM INVESTMENT CO., violated 18 U.S.C. 1962(d) by joining and conspiring to violate 18 U.S.C. 1962 (a) and (b) as follows:

A.   The individual Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, agreed and joined a conspiracy on or about August 27, 2008 and are engaged in an illegal "enterprise" as that term is used in 18 USC §1961(d) and as described herein.

B.   The above named individual Defendants agreed to collect an unlawful debt and used the U.S. mail and Federally insured banking institutions in furtherance of said collection of the unlawful debts on numerous dates and times of each transaction. The Plaintiff paid her monthly payments using United States Postal Service Money Orders, People's Trust Credit Union Money Orders and United States currency, all of which were deposited into Defendants' bank accounts, and Plaintiff received invoices through the U.S. Mail from Defendants. (Exhibit E)

C.   The above named individual Defendants by and through their activities in relation to the corporate Defendants, BENJIGATES ESTATES, LLC and ELM INVESTMENT CO., knew that their actions were part of a pattern of racketeering activity and/or

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

collection of an unlawful debt.

D.   Defendants' ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, acts were contrary to MCL 438.41, by knowingly charging, taking or receiving any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding 25%, which violates a criminal statute of the State of Michigan.

119.  The corporate Defendants, BENJIGATES ESTATES, LLC and ELM INVESTMENT CO. and the individual Defendants, ANTOINE M. HAYES I, KEITH HUDSON, ANTOINE BENJAMIN, and DAVID WILLIAMS, are engaged in an illegal "enterprise" as that term is used in 18 USC §1961(d).

120.  The illegal enterprise which violates 18 USC §1961(d) as enumerated above, include fraud and that either the defendants invested the proceeds of the pattern of racketeering activity and/or collection of the unlawful debt into the enterprise; or the defendants acquired or maintained an interest in, or control over, the enterprise through the pattern of racketeering activity and/or collection of the unlawful debt; or the defendants conducted or participated in the affairs of the enterprise "through" the pattern of racketeering activity and/or collection of the unlawful debt; or the defendants conspired to do one or more of the above.

121.  Upon information and belief, the Defendants have engaged in such deceptive, fraudulent and unlawful activity on numerous occasions, as enumerated above. not only regarding Plaintiff, Brenda Ealey, but all others similarly situated.

122.  With knowledge of the deceptive, fraudulent and unlawful conduct as alleged herein, Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN,

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN and DAVID WILLIAMS, conspired with each other to violate 18 USC §1962(c), in violation of 18 USC §1962(d), through the systematic use of fraud, as described in Counts I and II, *supra*, and unlawful collection of a debt, as described herein.

123.   The conduct of Defendants, as described in this complaint, constituted the execution of a scheme and artifice to obtain revenues for themselves by means of fraudulent pretenses and false representations, as stated in Counts I and II, *supra*. The Defendants' sale of real estate for low sales prices resulting in sales to predominately persons of lower socio-economic status, formed a central feature of the scheme and included, by way of example and as described above, the charging of a Finance Charge Amount far in excess of the rate allowed by Michigan law for the sale of real property on a land contract.

124.   With full knowledge of the enterprise's criminal purposes, the Defendants furthered and facilitated the pattern of fraud and unlawful collection of a debt in numerous ways including: taking a controlling stake in the business; exercising influence over policy-making decisions; and conspiring with each other to maintain the illegal rate of interest on their land contract sales.

125.   The unlawful conduct of the Defendants as alleged above, injured hundreds if not thousands of victims, was continuous and open ended and was intended to continue, and indeed, it continues today.

126.   Plaintiff and the members of the class were the intended targets of the

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

–27–

scheme that was facilitated by the knowing and purposeful involvement of Defendants. The financial harms suffered by Plaintiff and members of the class were the direct result of said conduct and were the intended consequence of such conduct.

127.   As a direct and proximate result of the aforementioned wrongful conduct, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, suffered serious and permanent injuries, all past, present and future.

128.  Pursuant to 18 USC §1964(c), Plaintiff and the members of the class are entitled to threefold the damages they sustained, together with reasonable attorney's fees and costs.

Wherefore, Plaintiff, BRENDA EALEY Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled, together with costs, interest, and attorney fees and pursuant to 18 USC §1964(c) treble damages.

### COUNT IV
### UNJUST ENRICHMENT

129.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

130.  The land contract at issue was between the Plaintiff, BRENDA EALEY and the Defendant, BENJIGATES ESTATES, LLC.

131.  Defendant, BENJIGATES ESTATES, LLC. had no interest in the real

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

–28–

property it purportedly sold to the Plaintiff.

132.  The true owner of the property was the Defendant, ELM INVESTMENT COMPANY.

133.  The Defendant, ELM INVESTMENT COMPANY was not a party to the land contract between the Plaintiff, BRENDA EALEY and the Defendant, BENJIGATES ESTATES, LLC.

134.  The Defendant, ELM INVESTMENT COMPANY, was a necessary party to the land contract.

135.  Alternatively, since the Defendant, ELM INVESTMENT COMPANY, was not a necessary party to the contract, it could be concluded that no contract existed between the Plaintiff and Defendant, BENJIGATES.

136.  The Defendants, having been unjustly enriched by the unlawful collection of Finance Charges from the Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, are liable to Plaintiff and others for restitution under Michigan law.

137.  As a direct and proximate result of the aforementioned wrongful conduct, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, suffered serious and permanent injuries, all past, present and future.

Wherefore, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled,

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

together with costs, interest, and attorney fees.

## COUNT V
## CIVIL CONSPIRACY

138.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

139.  Defendants, and all of them, collectively and illegally, maliciously, and wrongfully agreed and conspired with one another with the intent to and for the illegal purpose of charging interest rates/finance charges in excess of the amount allowed by law, and in the case of the Plaintiff, BRENDA EALEY, said amount was seventy percent (70%) and all acts of fraud as stated in Counts I and II, *supra*.

140.  The actions of all of the Defendants was in violation of MCL 438.41 in that they knowingly charged, took or received money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding 25%.

141.  The Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN, were all physically present at the time of the execution of the land contract as stated above and all of said Defendants participated in discussions with the Plaintiff.

142.  The individual Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, agreed and joined a conspiracy on or about August 27, 2008 which continues to this date.

143.  The above named individual Defendants agreed to collect an unlawful

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

–30–

debt and used the U.S. mail and Federally insured banking institutions in furtherance of said collection of the unlawful debts on numerous dates and times of each transaction. The Plaintiff paid her monthly payments using United States Postal Service Money Orders, People's Trust Credit Union Money Orders and United States currency, all of which were deposited into Defendants' bank accounts, and Plaintiff received invoices through the U.S. Mail from Defendants.

144.  The above named individual Defendants by and through their activities in relation to the corporate Defendants, BENJIGATES ESTATES, LLC and ELM INVESTMENT CO., knew that their actions were part of a pattern of activity and/or collection of an unlawful debt.

145.  The conduct of Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN and DAVID WILLIAMS, as described in this complaint, in Counts I-IV, *supra*, constituted the execution of a conspiracy, agreement, scheme and artifice to obtain revenues for themselves by means of fraudulent pretenses and false representations.

146.  Defendants, in combination, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN and DAVID WILLIAMS, conspired to defraud the Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated.

147.  This conspiracy resulted in the illegal, unlawful, or tortious activity of

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

charging usurious interest rates contrary to law and other violations as stated in all other Counts of this complaint.

148.   As a result of the conspiracy and Defendants' illegal, wrongful or tortious acts, as stated above, the Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, sustained the following damages: 1) excess funds collected as "interest rate" or "finance charge" as determined by MCL 438.32.

149.   Defendants are jointly and severally liable to Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, for all their injuries or damages.

150.   As a direct and proximate result of the aforementioned wrongful conduct, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, suffered serious and permanent injuries, all past, present and future.

Wherefore, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled, together with costs, interest, and attorney fees.

### COUNT VI
### CONCERT OF ACTION

151.   Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

152.   At all relevant times, several or all Defendants engaged in concerted

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

activities described in the paragraphs above and in Count V, *supra*, by express or implied agreement.

153.   Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, may not be able to identify all of the activities of Defendants due to the generic similarity of such activities as produced and promoted by the Defendants.

154.   As a direct and proximate result of Defendants' concerted illegal activities, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, have sustained and will continue to sustain severe injuries and damages as more specifically alleged in the paragraphs above.

155.   The actions of all of the Defendants was in violation of MCL 438.41 in that they knowingly charged, took or received money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding 25%.

156.   The Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/A BROADWAY BENJAMIN, were all physically present at the time of the execution of the land contract as stated above and all of said Defendants participated in discussions with the Plaintiff.

157.   The individual Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN; KEITH HUDSON, a/k/a KEITH BENJAMIN; EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN; and DAVID WILLIAMS, agreed and joined a conspiracy on or about August 27, 2008 which continues to this date.

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

158.  The above named individual Defendants agreed to collect an unlawful debt and used the U.S. mail and Federally insured banking institutions in furtherance of said collection of the unlawful debts on numerous dates and times of each transaction. The Plaintiff paid her monthly payments using United States Postal Service Money Orders, People's Trust Credit Union Money Orders and United States currency, all of which were deposited into Defendants' bank accounts, and Plaintiff received invoices through the U.S. Mail from Defendants.

159.  The above named individual Defendants by and through their activities in relation to the corporate Defendants, BENJIGATES ESTATES, LLC and ELM INVESTMENT CO., knew that their actions were part of a pattern of activity and/or collection of an unlawful debt.

160.  The conduct of Defendants, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN and DAVID WILLIAMS, as described in this complaint, in Counts I-IV, supra, constituted the execution of a conspiracy, agreement, scheme and artifice to obtain revenues for themselves by means of fraudulent pretenses and false representations.

161.  Defendants, in combination, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, KEITH HUDSON, a/k/a KEITH BENJAMIN, and EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN and DAVID WILLIAMS, conspired to defraud the Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated.

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

162. This conspiracy resulted in the illegal, unlawful, or tortious activity of charging usurious interest rates contrary to law and other violations as stated in all other Counts of this complaint.

163. As a result of the conspiracy and Defendants' illegal, wrongful or tortious acts, as stated above, the Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, sustained the following damages: 1) excess funds collected as "interest rate" or "finance charge" as determined by MCL 438.32.

164. Due to the concert of action among all of the various Defendants, each is liable to the Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated for injuries and damages even if there was no direct relation to the activity conducted by that particular Defendant.

165. Defendants are jointly and severally liable to Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, for all of their injuries and damages.

166. As a direct and proximate result of the aforementioned wrongful conduct, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, suffered serious and permanent injuries, all past, present and future.

Wherefore, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled,

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

together with costs, interest, and attorney fees.

**COUNT VII**
**VIOLATIONS OF MICHIGAN CONSUMER PROTECTION ACT**

167.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

168.  At all relevant times, the Defendants were in the business of buying and selling homes.

169.  The buying and selling of real estate is a service primarily for personal, family, and/or household purposes and as such the Defendants are engaged in trade or commerce under the terms and conditions of the Michigan Consumer Protection Act found at MCLA 445.901 *et seq.*

170.  The Defendants illegally charged a rate of interest in excess of the legal rate of interest allowed in real estate land contract sales.

171.  The Defendants charged a mandatory "title monitoring" fee for a non-existent product and with payment to the Defendants to a non-existent company, for the sole purpose of increasing Defendants' profits.

172.  The Defendants' actions of charging an interest rate in excess of the rate allowed by law was not exempt from the Michigan Consumer Protection Act, since such activities are not within the conduct of the Defendants' business as real estate brokers who are in the business of buying and selling homes.

173.  The loans to the Plaintiff and others in the form of land contracts was not a part of the Defendants' regulated business activities as sellers of real property.

174.  Some of the Defendants are not licensed to sell real property in the State

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

–36–

of Michigan and are therefore not regulated.

175. The Defendants have misrepresented the advantages, benefits, terms and conditions of the sale on land contract and as such have violated the Michigan Consumer Protection Act in some of, but not limited to the following particulars:

A. In causing the probability of confusion and misunderstanding as to the legal rights, obligations, or remedies an individual has with regard to a real estate transaction in violation of MCL 445.903(n), see paragraphs 67-70, *supra*;

B. In representing or implying that the rate of interest was a legal amount when the Defendants knew or had reason to know that the rate of interest charged in the land contract was in excess of the legal rate, in violation of MCL 445.903(q), in stating that the entire contract meets all the requirements of Michigan law;

C. In making representations of fact with regard to the rate of interest which is material to the transaction which the Defendant either knew or reasonably believed the representations of or state of affairs to be other than it actually is in violation of MCL 445.903(bb), see Counts I and II, *supra*;

D. In taking advantage of the consumer's inability reasonably to protect his or her interests by reason of disability, illiteracy, or inability to understand the language of an agreement presented by the other party to the transaction who knows or reasonably should know of the consumer's inability in violation of MCL 445.903(x), see paragraphs 67-70, *supra*;

E. In the gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits in violation of MCLA 445.903(y), see Count I and Count II, *supra*;

F. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer, See Count II, *supra*;

G. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it, see paragraphs 67-70, *supra*;

H.    Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits, see Count I and Count II, *supra*;

I.    Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is, see Count I and Count II, *supra*;

J.    Charging a mandatory "title monitoring" enrollment and monthly fee for a non-existent service payable to a non-existent company, see Count I, specifically paragraphs 71-72, *supra*;

K.    Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner, see Count I and Count II, *supra*.

176.    That pursuant to MCL 445.911(2), Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, are entitled to proceed with this action to recover actual damages together with reasonable attorney's fees incurred in the prosecution of this claim.

177.    Defendants violated and continue to violate the Acts of the State by engaging in the practices described above, that has caused and continues to cause substantial injury to consumers, which are not reasonably avoidable by the consumers themselves, in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of real property with unlawful finance charges.

178.    There were reasonable alternatives available to further Defendants'

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

legitimate business interests, other than the conduct described herein. Defendants, for example, could have abstained from charging an unlawful finance charge.

179.   Plaintiffs and Class members have suffered injury as a result of Defendants' deceptive and unlawful acts and omissions because Plaintiffs would have not bought real property from Defendants had they known of the unlawful finance charges.

180.  Defendants willfully and knowingly violated Michigan's Michigan's Consumer Protection Act and are therefore subject to three times the actual damages suffered by Plaintiff and the Class.

181.  That as a direct and proximate result of the Defendants' violation of the above-mentioned sections of the Michigan Consumer Protection Act, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled, together with costs, interest, and attorney fees.

Wherefore, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled, together with costs, interest, and attorney fees.

## COUNT VIII
## VIOLATIONS OF FEDERAL TRUTH IN LENDING ACT AND CONSUMER CREDIT PROTECTION ACT

182.  Plaintiff repeats and realleges the paragraphs above as if fully set forth

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

herein.

183.   The Federal Truth in Lending Act applies to every business or individual that offers or extends credit when four conditions apply:

      A.    The credit is offered or extended to consumers

      B.    The offering or extension of credit is done "regularly" [extends credit more than 25 times (or more than 5 times for transactions secured by dwelling) per year],

      C.    The credit is subject to a finance charge or is payable by written agreement in more than four installments, and

      D.    The credit is primarily for personal, family, or household purposes.

184.   As the Defendants meet all of the above criteria, they are subject to the Federal Truth in Lending Act.

185.   The Defendants failed to provide the Plaintiff and a Class of Individuals similarly situated, the amount of the actual finance costs associated with borrowing, pursuant to the Act.

186.   The Defendants failed to provide the Plaintiff and a Class of Individuals similarly situated, a statement of how the finance charges are calculated.

187.   The Defendants failed to provide the Plaintiff and a Class of Individuals similarly situated, a disclosure of the actual rate of interest of the finance charge.

188.   The Defendants failures to provide the information stated herein above, constitute violations of the Federal Truth In Lending Act, and the Consumer Credit Protection Act, Pub.L. 90–321, 82 Stat. 146, *et seq*.

189.   The Defendants fraudulently kept the necessary information from the

Plaintiff so as to permit her to have the knowledge necessary to enforce her rights within one year, see Counts I and II, *supra*.

190.  As soon as it was determined that the Defendants had fraudulently deceived the Plaintiff, a complaint was filed with this Court.

191.  Fraudulent concealment tolls a statute of limitations, see Counts I and II, *supra*.

192.  Where a plaintiff, such as BRENDA EALEY, has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on her part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party.

193.  This equitable doctrine of tolling is read into every federal statute of limitation.

194.  Defendants are jointly and severally liable to Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, for all of their injuries and damages.

195.  Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated are entitled to damages in the sum of all finance charges and fees paid by the Plaintiffs with no cap. 15 USC 1640(a)(4).

Wherefore, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled,

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

together with costs, interest, and attorney fees.

## COUNT IX
## VIOLATION OF PLAINTIFF'S RIGHTS UNDER 42 USC 1985(2)

196.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

197.   On May 6, 2013, Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN** appeared at Plaintiff's home, uninvited.

198.  At the time that Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, appeared at Plaintiff's home, he stated he was acting on behalf of himself and the other Defendants.

199.  On May 6, 2013, when Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, appeared at Plaintiff's home, he had a gun on his person.

200.  On May 6, 2013, when Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, appeared at Plaintiff's home, he told Plaintiff that she should call her attorney and tell him to dismiss the complaint against him and the other Defendants.

201.  On May 6, 2013, when Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, appeared at Plaintiff's home, Defendant told the Plaintiff not to tell her attorney about their meeting, other than to tell him to dismiss the complaint.

202.  On May 6, 2013, when Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, appeared at Plaintiff's home, Plaintiff was intimidated

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9185
email: stbudaj@counsel.cc

by Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, and continues to feel intimidated and threatened in her daily activities.

203.  On May 6, 2013, when Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, appeared at Plaintiff's home, in violation of 42 USC 1985(2), he conspired with the other Defendants, **KEITH HUDSON, a/k/a KEITH BENJAMIN**, and **EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN** to deter, by force, intimidation, or threat, the Plaintiff in this court from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully; or Defendant conspired with the other Defendants, **KEITH HUDSON, a/k/a KEITH BENJAMIN**, and **EUGENE W. BROADWAY, a/k/a BROADWAY BENJAMIN**, for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in this Court with intent to deny to any citizen the equal protection of the laws.

204.  Plaintiff, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, was intimidated by the Defendant, **ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN**, when he appeared at her home, uninvited.

205.  Plaintiff was injured and deprived by Defendants' actions and entitled to damages pursuant to 42 USC 1985(3).

Wherefore, Plaintiff, BRENDA EALEY, Individually and as representative of a Class of Individuals similarly situated, request that this Court enter a judgment against Defendants, jointly and severally, in the amount to which they are entitled, together with costs, interest, and attorney fees.

LAW OFFICES

STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

## COUNT X
## VIOLATION OF PLAINTIFF'S FREE SPEECH RIGHTS

206.  Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

207.  A fundamental right of citizens of the United States is the right to freedom of speech, under the First Amendment of the United States Constitution.

208.  Part of the fundamental right of freedom of speech is the right to file a lawsuit when a wrong has been perpetrated against an individual such as the Plaintiff, Brenda Ealey.

209.  On May 6, 2013, when Defendant, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, appeared at Plaintiff's home, intimidated her, told her to dismiss her lawsuit and told her to tell her attorney to dismiss her complaint and not to tell her attorney anything else about their conversation, the Defendant, ANTOINE M. HAYES I, a/k/a ANTOINE BENJAMIN, infringed upon Plaintiff's fundamental rights under the First Amendment of the United States Constitution.

Wherefore, Plaintiff, BRENDA EALEY, requests that this Court enter a judgment against Defendants, jointly and severally, in the amount to which she is entitled, together with costs, interest, and attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, BRENDA EALEY, on behalf of herself and a Class of Individuals similarly situated, seeks the following relief:

A.   For an order certifying the Class defined herein, appointing undersigned counsel as Class Counsel, approving Plaintiff as Class representative, and requiring that notice be provided to the Class at

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

Defendants' expense, pursuant to Fed. R. Civ. P. 23;

B.   Declaratory relief that Defendants' practices described herein violate, RICO, Federal Law and Michigan Law and constitute fraud;

C.   Judgment against Defendants in whatever amount each class member is found to be entitled, for restitution, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages, and treble damages under 18 USC §1961(d);

D.   A declaration that the finance charge as described above is unlawful and must be abolished and that Defendants are not entitled to the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs, together with an injunction preventing the promulgation and enforcement of such finance charge in the future;

E.   A declaration that the mandatory "title monitoring" fee as described above is unlawful and must be abolished together with an injunction preventing the promulgation and enforcement of such a fee in the future;

F.   Costs and reasonable attorneys' fees; and

G.   Such other and further relief as Plaintiffs may be entitled.

STEVEN T. BUDAJ, P.C.

by /s/ Steven T. Budaj _____
Steven T. Budaj (P-30154)
Donald J. Andrews (P-48501)
Attorneys for Plaintiffs
65 Cadillac Square, Suite 2915
Detroit, MI  48226
(313) 963-9330

Dated: August 15, 2014

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
FAX: (313) 963-9165
email: stbudaj@counsel.cc

## JURY DEMAND

Plaintiff, Individually and as representative of a Class of Individuals similarly situated, by and through their undersigned counsel, hereby demand a trial by jury in the above entitled cause.

STEVEN T. BUDAJ, P.C.

by /s/ Steven T. Budaj
Steven T. Budaj (P-30154)
Donald J. Andrews (P-48501)
Attorneys for Plaintiffs
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 963-9330

Dated: August 15, 2014

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I certify that on August 15, 2014, I electronically filed the foregoing FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL (Injunctive Relief and Damages Sought) with the Clerk of the Court using the ECF system which will send notification of such filing to Defendants' counsel, Craig A. Aronoff (P-57997).

s/Steven T. Budaj
Steven T. Budaj (P-30154)
Attorney for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 963-9330
stbudaj@counsel.cc

LAW OFFICES
STEVEN T. BUDAJ, P.C.
2915 CADILLAC TOWER
DETROIT, MICHIGAN 48226
(313) 963-9330
Fax: (313) 963-9165
email: stbudaj@counsel.cc

–46–