UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA EALEY,

                Plaintiff,

v.                                           Case No. 13-10723

BENJIGATES ESTATES, LLC, et al.       HON. TERRENCE G. BERG
                                                        HON. MONA K. MAJZOUB

                Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

     Before the Court is Plaintiff's December 23, 2013 motion for reconsideration (Dkt. 25) of the Court's December 9, 2013 order dismissing the complaint for failure to state a claim upon which relief can be granted. In the December 9, 2013 order (Dkt. 23), the Court dismissed Plaintiff's federal claims, Counts II and VII, with prejudice, and dismissed her state law claims without prejudice. Plaintiff's motion for reconsideration asks the Court to modify the order such that her federal claims are dismissed without prejudice, rather than with prejudice.

     The Court dismissed the federal claims with prejudice because it appeared that Plaintiff cannot save those claims by amending her complaint. Plaintiff, in her motion for reconsideration, asserts that she can amend her complaint and revive those claims, but she does not explain what she would allege that would revive her claims and make it such that her amendment would not be futile.

     Instead of denying the motion for reconsideration, the Court sought clarification from Plaintiff, and ordered her to file, as a supplement to her motion for

reconsideration, an amended complaint *and* a memorandum explaining how the amendment resolves the pleading deficiencies as to her federal claims, Counts II and VII. (Dkt. 27.) Plaintiff filed the amended complaint, on August 15, 2014, but, without explanation, did not include the required memorandum. (Dkt. 28.)

For the following reasons, Plaintiff's motion for reconsideration (Dkt. 25) is DENIED.

## I. STANDARD OF REVIEW

Under Local Rule 7.1, the Court may grant a motion for reconsideration if the movant satisfactorily shows: (1) the existence of a palpable defect that misled the parties and the Court; and (2) the correction of which would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Further, the Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

## II. ANALYSIS

Plaintiff has made essentially one argument in support of her motion for reconsideration: the dismissal of the federal claims should be changed to be "without prejudice" rather than "with prejudice" because she believes she can amend her complaint in such a way as to save those federal claims, and that the standard for allowing amendment favors giving her that opportunity. (Dkt. 25.)

Plaintiff has now been given the opportunity to demonstrate how she would amend her complaint to save the two dismissed federal claims (Dkt. 28), and she has not corrected the deficiencies. As the Court suggested in its July 22, 2014 order (Dkt. 27), the two federal claims cannot be saved because amendment would be futile.

A.   **The RICO Claim.**

The first of the two federal claims, Count II, was for a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d). The Court noted at least three deficiencies with that claim: (1) Plaintiff did not allege that the defendants were "engaged in" or "affect[ed]" interstate commerce, a required element; (2) Plaintiff did not adequately allege that any particular person conducted or participated in the enterprise's affairs "through a pattern of racketeering activity or collection of unlawful debt" as required by § 1962(c); and (3) Plaintiff did not allege that the debt was incurred in connection with "the business of lending money," as required by 18 U.S.C. § 1961(6). (Dkt. 23 at 8–9.)

The Defendant's proposed amended complaint (Dkt. 28), which was submitted without the memorandum required by the Court explaining how the amendment saved the federal claims, is nearly twice as long as the original complaint, adds a defendant, and includes multiple new claims, but does not correct all of the deficiencies contained in Count II. (Dkt. 28.) While the first deficiency, identified as number 1 in the preceding paragraph, was adequately addressed by paragraph 114 of the proposed amended complaint, and the second deficiency (number 2 above)

3

was perhaps satisfied as to the collection of unlawful debt,[1] the proposed amended complaint does not satisfy the third deficiency. Plaintiff has not alleged that the debt was incurred in connection with "the business of lending money" and given the facts alleged, it appears that such an allegation has not been made because it cannot be made. According to the alleged facts, Defendants simply are not in the business of lending money. (*See* Dkt. 23 at 9–10.)

Plaintiff cannot amend her complaint to save Count II because amendment would be futile. Therefore, the Court declines to change its dismissal of that Count from one with prejudice to one without prejudice. Plaintiff's motion for reconsideration is DENIED as to Count II.

**B.     The TILA Claim.**

The second of the two federal claims, Count VII, was for a violation of the Truth in Lending Act and Consumer Credit Protection Act. The Defendants argued that the claim was time barred (Dkt. 10 at 16–17) and the Court agreed. (Dkt. 23 at 15.) Plaintiff argued that the statute of limitations on the claim should have been tolled because the Defendants "fraudulently concealed" the violation. (Dkt. 17 at 21.) The Court found that Plaintiff's allegations were insufficient to support her argument that the Defendants fraudulently concealed the violation. (Dkt. 23 at 15.)

In her motion for reconsideration, Plaintiff argues that she can save this claim by amending her complaint. (Dkt. 25 at 11.) The Defendant's proposed amended

---

[1] The Court does not need to decide this point here, but notes that while the *allegation* of the collection of an unlawful debt is clearly made, it is much less clear whether the factual allegations support that the transactions at issue actually constitute the collection of an unlawful debt. (*See* Dkt. 23 at 7 n.4.)

4

complaint (Dkt. 28), which was submitted without the memorandum required by the Court explaining how the amendment saved the federal claims, is nearly twice as long as the original complaint, adds a defendant, and includes multiple new claims, but does not correct all of the deficiencies identified regarding former Count VII. (Dkt. 28.) Plaintiff adds conclusory allegations that Defendants fraudulently concealed their alleged Truth in Leading Act and Consumer Credit Protection Act violation (Dkt. 28), but does not support them with factual allegations entitled to the presumption of truth—i.e., she does not offer any facts to support the claim that Defendants fraudulently concealed anything. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff cannot amend her complaint to save Count VII by amendment because amendment would be futile. Therefore, the Court declines to change its dismissal of that Count from one with prejudice to one without prejudice—Plaintiff's motion for reconsideration is DENIED as to Count VII.

//
//
//
//
//
//
//
//

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 25) is DENIED.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 23, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager
